# In the United States Court of Appeals for the Ninth Circuit

No. 22-15872

---

In re: BARD IVC FILTERS PRODUCT LIABILITY LITIGATION

DORIS JONES,
Plaintiff,

v.

C. R. BARD, INC., a New Jersey corporation; BARD PERIPHERAL VASCULAR, INC., a subsidiary and/or Division of defendant C.R. Bard, Inc., an Arizona corporation,
Defendants-Appellees

BABBITT & JOHNSON PA; BARON & BUDD, PC; COMMON BENEFIT FEE AND COST COMMITTEE; BEUS GILBERT MCGRODER PLLC; BOSSIER & ASSOCIATES PLLC; BRANCH LAW FIRM; BRENES LAW GROUP, P.C.; DALIMONTE RUEB STOLLER LLP; FARACI LANGE LLP; FARRIS RILEY & PITT LLP,
Appellees

v.

LAW OFFICES OF BEN C. MARTIN; MARTIN BAUGHMAN PLLC,
Movants-Appellants

---

On Appeal from the U.S. District Court for the
District of Arizona, No. 2:15-md-02641-DGC
(Honorable David G. Campbell, Senior U.S. District Judge)

---

JOINT SUPPLEMENTAL BRIEF OF THE OPPOSING PARTIES
ADDRESSING THIS COURT'S APPELLATE JURISDICTION

<div style="display: flex; justify-content: space-between;">

Howard J. Bashman  
500 Office Center Drive  
Suite 400  
Fort Washington, PA 19034  
(215) 830-1458  
Counsel for Appellants  

Shannon L. Clark (Az No. 019708)  
GALLAGHER & KENNEDY PA  
2575 E. Camelback Rd., Ste 1100  
Phoenix, Arizona 85016  
(602) 530-8000  
Counsel for Appellees  

</div>

# TABLE OF CONTENTS

Page

JOINT SUPPLEMENTAL BRIEF OF THE OPPOSING PARTIES
ADDRESSING THIS COURT'S APPELLATE JURISDICTION ...................... 1

CONCLUSION ................................................................................................. 5

# TABLE OF AUTHORITIES

Page

**Cases**

*Disabled Rts. Action Comm.* v. *Las Vegas Events, Inc.*,
    375 F.3d 861 (9th Cir. 2004) ........................................................................... 1

*In re Avandia Mktng. Sales Practices & Prod. Liab. Litig.*,
    617 F. App'x 136 (3d Cir. 2015) ................................................................. 1-3

*In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524 (3d Cir. 2009) ......................... 2

*In re: Roundup Prods. Liab. Litig.*,
    2022 WL 16646693 (9th Cir. Nov. 3, 2022) .................................................. 3

*Weston Fam. P'ship LLLP* v. *Twitter, Inc.*, 29 F.4th 611 (9th Cir. 2022) .............. 1

**Statutes**

28 U.S.C. §1291 ......................................................................................... 1, 2, 4, 5

## JOINT SUPPLEMENTAL BRIEF OF THE OPPOSING PARTIES ADDRESSING THIS COURT'S APPELLATE JURISDICTION

In accordance with this Court's Supplemental Briefing Order dated March 27, 2023, counsel for appellants, the Law Offices of Ben Martin and Martin Baughman PLLC, and appellees, the Common Benefit Fees and Costs Committee, *et al.*, respectfully file this joint Supplemental Brief.

This Supplemental Brief is being jointly filed by counsel for both sides because the parties are in agreement that this Court possesses appellate jurisdiction over this appeal pursuant to 28 U.S.C. §1291 given that the district court's May 20, 2022, order is a final decision.

Under 28 U.S.C. §1291, federal courts of appeals have jurisdiction to hear "appeals from all final decisions of the district courts of the United States." 28 U.S.C. §1291. "A decision is 'final' under §1291 if it '(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter.'" *Weston Fam. P'ship LLLP* v. *Twitter, Inc.*, 29 F.4th 611, 618 (9th Cir. 2022) (quoting *Disabled Rts. Action Comm.* v. *Las Vegas Events, Inc.*, 375 F.3d 861, 870 (9th Cir. 2004)).

The Third Circuit's opinion in *In re Avandia Marketing, Sales Practices & Prod. Liab. Litig.*, 617 F. App'x 136 (3d Cir. 2015), regarding the court's

jurisdiction to review the district court's order under §1291, is directly on point and instructive here. In *In re Avandia*, the law firm Girardi Keese signed an attorney participation agreement with the multidistrict litigation's plaintiffs' steering committee, then later refused to pay the assessment on its settlement proceeds to the common benefit fund. *In re Avandia*, 617 F. App'x at 138. Importantly, when Girardi Keese challenged the district court's jurisdiction over the final fee award, the cases for which Girardi Keese served as counsel had already settled, and the district court had already ruled which of them were subject to an assessment (all cases) and how much of each settlement had to be contributed to the common benefit fund (seven percent). *Id.* at 140.

"[B]ecause Girardi Keese's payment obligation ha[d] been reduced to a definite amount," the Third Circuit concluded "that the District Court's fee assessment is an appealable, final order," and it therefore had jurisdiction under 28 U.S.C. §1291. *Id.* at 140–41; *see also In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 537 n.30 (3d Cir. 2009) (finding the district court's final award of attorneys' fees to be an appealable, final order because "it bestowed a definitive award on Class Counsel").

Here, similar to *In re Avandia*, the district court has reduced BCM's payment obligation to a definite amount.

Appellants affirmed in their Opening Brief that after the close of the MDL, "[i]n early November 2021, BCM, on behalf of its clients, reached a settlement with C.R. Bard to resolve all IVC filter-related cases and claims that BCM was handling against Bard." Opening Br. p. 8; *see also* ER-122. "After the settlements of the IVC filter cases and claims for all participating clients of BCM were documented[,] . . . BCM on January 25, 2022 filed a motion in the MDL proceeding seeking to exempt certain cases and claimants from those common benefit assessments." *Id.* at 9; *see also* ER-110.

As noted in Appellee's Response Brief, these facts distinguish this case from *In re: Roundup Prods. Liab. Litig.*, No. 21-16228, 2022 WL 16646693 (9th Cir. Nov. 3, 2022), where this Court dismissed an appeal of the district court's order concerning the distribution of certain common benefit fees and costs. *See* Response Br. p. 6 n.6. To reiterate, in contrast to *In re Roundup*, the underlying merits of the litigation between BCM and Bard had resolved *before* BCM filed a motion challenging the imposition of common benefit assessments, and the district court had resolved the more circumscribed issue of common benefit fees *before* BCM filed its motion. *See* ER-43–46, 110–

– 3 –

12. BCM specified in its Opening Brief that its appeal concerns the assessments imposed on the settlement recoveries of its 306 claimants outside the MDL, not on the assessments imposed on the settlement recoveries of its 201 claimants in the MDL cases. Opening Br. p. 8; *see also* ER-41. Critically, this appeal is not about the district court's grant or denial of interim attorney's fees pending litigation on the merits; and BCM is not challenging the percentage of the assessments, which was established back in CMO6 and Amended CMO6. Opening Br. p. 10 n.1; *see also* ER-65–67.

Therefore, the district court's May 20, 2022, order denying BCM's motion to reduce and exempt client recoveries from common benefit fee and expense assessments fully adjudicated the issues and clearly evidenced the judge's intention that it be the court's final act in the matter. Accordingly, this Court has jurisdiction to hear the appeal under 28 U.S.C. §1291. *See also* Brief for Appellants at 2; Brief for Appellees at 1, 6 n.6; Reply Brief for Appellants at 13 n.3.

To summarize: the MDL proceeding that issued the order that is the subject of this appeal has closed; the non-MDL cases and claims as to which the MDL court's fees and costs assessments are being challenged have all settled; the fees and costs assessments to which these settled non-MDL cases

are currently subject has been fully and finally decided by the MDL district court; and the funds that are the subject of this dispute are sitting in an escrow account that the MDL court maintains awaiting distribution pending the outcome of this appeal.

## CONCLUSION

For these reasons, counsel for the opposing parties to this appeal jointly submit this Supplemental Brief asking this Court to hold that appellate jurisdiction exists over this appeal pursuant to 28 U.S.C. §1291 and to resolve the substance of this appeal on the merits.

Respectfully submitted,

Dated: April 3, 2023

/s/ *Howard J. Bashman*
Howard J. Bashman
500 Office Center Drive
Suite 400
Fort Washington, PA 19034
(215) 830-1458
Counsel for Appellants

/s/ *Shannon L. Clark*
Shannon L. Clark (Az No. 019708)
GALLAGHER & KENNEDY PA
2575 E. Camelback Rd., Ste 1100
Phoenix, Arizona 85016
(602) 530-8000
Counsel for Appellees

– 5 –

**CERTIFICATION OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

This brief complies with the type-volume limitations of this Court's Supplemental Briefing Order dated March 27, 2023 because it does not exceed 15 pages in length.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Book Antiqua font.

Dated: April 3, 2023          /s/ *Howard J. Bashman*
                              Howard J. Bashman

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 3, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated: April 3, 2023                 */s/ Howard J. Bashman*
                                              Howard J. Bashman